

# CT Corporation

**Service of Process Transmittal**
08/16/2012
CT Log Number 521057303

**TO:** Rebecca Crowder
The Dow Chemical Company
2030 Dow Center
Midland, MI 48674-2030

**RE:** **Process Served in Tennessee**

**FOR:** The Dow Chemical Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Patsy B. Crye, Pltf. vs. Rohm & Haas Chemical, LLC and The Dow Chemical Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons and Notice, Attachment, Complaint |
| **COURT/AGENCY:** | Knox County Circuit Court, TN<br>Case # 239312 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Plaintiff, Patsy B. Crye filed Complaint against the Defendant's act negligently, recklessly, willfully and wantonly in proximately causing harm, injury, damages and losses resulting from age and sex discrimination in employment and terminated her on dated July 29, 2011 and claiming compensatory and punitive damages in the referred case |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/16/2012 at 12:30 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | J. Steven Collins<br>Burroughs Collins & Newcomb, PLC<br>900 S. Gay Street<br>Suite 600<br>Knoxville, TN 37902<br>865-342-1040 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight, 798769014614<br>Image SOP<br>Email Notification, iNote Recipient fmdnmsp@dow.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / PM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT B

STATE OF TENNESSEE
CIRCUIT COURT OF KNOX COUNTY

Patsy B. Crye, Plaintiff vs. Rohm and Haas Chemical, LLC and Dow Chemical Company, Defendant
Civil Action No.: 2-393-12 FILED AW

SUMMONS 2012 JUL 25 PM 1 51

To: Dow Chemical Company, in care of its Agent for service of Process, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

CATHERINE F. QUIST
CIRCUIT COURT CLERK

You are hereby summoned and required to serve upon J. Steven Collins, Plaintiff's attorney, whose address is: 900 S. Gay Street, Suite 600, P. O. Box 551, Knoxville, Tennessee 37901-0551, a true copy of the Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. You will file the original with the Court.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this 25 day of July, 2012 at ____ o'clock, ___.M.

Witness, Clerk of said Court, at office the _____ A.D., 2012.

Catherine Quist
Clerk
By: _____
Deputy Clerk

(This Summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures.)

---

NOTICE

TO THE RESPONDENT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a Judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the Judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

_____ Received this 15 day of Aug, 2012,

W C Bryant / #B1864, Deputy Sheriff

RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of AUG 16 2012, 2012, I served this Summons together with the Complaint as follows ~~Ericka Fry~~ Dow Chemical Company
_____ failed to serve this Summons within thirty (30) days after its issuance because_____

W C Bryant / #B1864
Sheriff-Deputy Sheriff

FORM NO. C1161

FILED
[illegible stamp]

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to persons with qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

    Pat Carson, Suite 360 City-County Building, 400 Main Street, Knoxville, Tn. 37902
    (865) 215-2952  TTY: 215-2497
    patcarson@knoxcounty.org

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

    Julie Taylor, 511 Union Street, Ste. 600, Nashville, Tn. 37219
    (615) 741-2687 OR (800) 448-7970
    adacoordinator@tscmail.state.tn.us

The Tennessee Judicial Branch Americans With Disabilities Act Policy Regarding Access to Judicial Programs as well as a Request for Modification form may be found online at www.tsc.st [illegible]

 **CT Corporation**

**Service of Process Transmittal**
08/16/2012
CT Log Number 521056667

**TO:** Rebecca Crowder
The Dow Chemical Company
2030 Dow Center
Midland, MI 48674-2030

**RE:** **Process Served in Tennessee**

**FOR:** Rohm and Haas Chemicals LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Patsy B. Crye, Pltf. vs. Rohm and Haas Chemicals LLC and DOW Chemical Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, |
| **COURT/AGENCY:** | Knox County Circuit Court, TN<br>Case # 239312 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On July 29, 2011 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/16/2012 at 12:30 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | J. Steven Collins<br>Burroughs Collins & Newcomb, PLC<br>900 S. Gay Street<br>Suite 600<br>Knoxville, TN 37902<br>865-342-1040 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day<br>Image SOP<br>Email Notification, iNote Recipient fmdnmsp@dow.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / RP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

STATE OF TENNESSEE
CIRCUIT COURT OF KNOX COUNTY

Patsy B. Crye, Plaintiff vs. Rohm and Haas Chemicals, LLC and Dow Chemical Company, Defendant
Civil Action No.: 2-303-12

FILED
2012 JUL 25 PM 1 50
CATHERINE QUIST
CIRCUIT COURT CLERK

## SUMMONS

To: Rohm & Haas, LLC., in care of its Agent for service of Process, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

You are hereby summoned and required to serve upon J. Steven Collins, Plaintiff's attorney, whose address is: 900 S. Gay Street, Suite 600, P. O. Box 551, Knoxville, Tennessee 37901-0551, a true copy of the Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. You will file the original with the Court.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this 25 day of July, 2012 at ____ o'clock, __.M.

Witness, Clerk of said Court, at office the _____ A.D., 2012.

Catherine Quist
Clerk
By: _____
Deputy Clerk

(This Summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures.)

## NOTICE

TO THE RESPONDENT(S):

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a Judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the Judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this 15 day of Aug, 2012,

W C Bryant #B1864, Deputy Sheriff

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the ___ day of AUG 16 2012, 2012, I served this Summons together with the Complaint as follows Ericka Fry  Rohm & Haas LLC
_____ failed to serve this Summons within thirty (30) days after its issuance because _____

W C Bryant #B1864
Sheriff-Deputy Sheriff

FORM NO. C1161

FILED
[illegible stamp]

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to persons with qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written Request for Modification to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator.

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

> Pat Carson, Suite 360 City-County Building, 400 Main Street, Knoxville, Tn. 37902
> (865) 215-2952  TTY: 215-2497
> patcarson@knoxcounty.org

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

> Julie Taylor, 511 Union Street, Ste. 600, Nashville, Tn. 37219
> (615) 741-2687 OR (800) 448-7970
> adacordinator@tscmail.state.tn.us

The Tennessee Judicial Branch Americans With Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tsc.st[illegible]

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

```
PATSY B. CRYE                        )
213 Boxwood Avenue                   )
Alcoa, Tennessee 37701               )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )   NO. 2-303-12
                                     )
ROHM & HAAS CHEMICAL, LLC            )
c/o CT CORPORATION SYSTEM            )
800 S. Gay Street, Suite 2021        )
Knoxville, Tennessee 37929           )
& DOW CHEMICAL COMPANY               )
c/o CT CORPORATION SYSTEM            )
800 S. Gay Street, Suite 2021        )
Knoxville, Tennessee 37929           )
                                     )
        Defendant.                   )
```

FILED 2012 JUL 25 PM 1:52
CATHERINE F. QUIST
CIRCUIT COURT CLERK

## COMPLAINT

The Plaintiff, Patsy B. Crye (Ms. Crye"), files this civil action and sues the Defendants in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) for compensatory damages and in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) for punitive damages. Ms. Crye sues Rohm & Haas Chemical, LLC and Dow Chemical Company for illegal discrimination in employment based on age and sex, and for outrageous conduct.

1. The jurisdiction of this Court is invoked by Ms. Crye pursuant to Tenn. Code Ann. § 4-21-311, to secure protection and redress for the deprivation of protected rights granted by the Tennessee Human Rights Act ("THRA"), as amended, providing for injunctive relief and other relief for injuries, damages and losses proximately

1

resulting from age discrimination in employment and sex discrimination in employment.

2. This civil action is in part a proceeding for back pay and benefits due Ms. Crye and for injunctive relief requiring the Defendant, Rohm & Haas Chemical, LLC and Dow Chemical Company, to provide re-employment to Ms. Crye or front pay in lieu of reinstatement for compensatory damages, damages for humiliation and embarrassment, prejudgment interest, reasonable attorney fees and costs, punitive damages for intentional and/or reckless unlawful conduct and for such additional damages and relief as may be necessary to effectuate the purposes of the THRA and Tennessee's Common Law.

3. Ms. Crye is a female resident of Blount County, Tennessee.

4. The Defendants, Rohm & Haas Chemical, LLC and Dow Chemical Company, are foreign corporations conducting business in Knoxville, Knox County, Tennessee, 730 Dale Avenue, Knoxville, Tennessee, 37921, and may be served with process through their registered agent, registered with the Tennessee Secretary of State, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

5. The Defendants Rohm & Haas Chemical, LLC and Dow Chemical Company, operations were and are sufficient to classify it as an "employer" within the meaning of the THRA.

6. Ms. Crye was employed by the Defendant for approximately 15 years.

7. Ms. Crye was wrongfully terminated from her job as a Chemical Operator with the Defendant at its business located at 730 Dale Avenue, Knoxville, Tennessee on July 29, 2011.

2

8. During Ms. Crye's employment, she was discriminated against in the terms and conditions of her employment due to her sex and age.

9. At the time of her termination, Ms. Crye was 54 years and 10 months of age, having been born on September 30, 1956.

10. Ms. Crye fully and faithfully performed all of her job duties throughout her length of service with Defendants. Ms. Crye was and is qualified to perform all of the required duties of her job.

11. The Defendants' sought to have all employees who would be 55 years of age by year end 2011 and who had 15 or more years of employment to retire.

12. Ms. Crye would have been 55 by year end 2011 and had worked for the Defendants for 15 years.

13. In late June of 2011, Ms. Crye declined to retire.

14. On July 29, 2011 she was fired for a pretextual reason stemming from a management approved overtime work job for an emergency call back to load a trailer for transport and a male co-worker 10 years her junior was not fired, even though he did the same things which the Defendants claim are the reasons for firing Ms. Crye.

15. On July 29, 2011 Ms. Crye was wrongfully terminated from her job with Rohm & Haas Chemical, LLC and Dow Chemical Company.

16. After the July 29, 2011 termination, Ms. Crye had to walk out and past all of her co-workers after being terminated for discriminatory purposes. Although highly unnecessary Ms. Crye suffered further insult to injury because the Defendants had her escorted from her workplace by three (3) management personnel all of whom and Ms.

3

Crye openly sobbed due to this outrageous humiliation. This was humiliating to Ms. Crye and caused her severe emotional distress, humiliation and embarrassment.

17. The person who replaced Ms. Crye in her position was younger than her and was male.

18. Ms. Crye's termination on July 29, 2011, was pretextural.

19. Ms. Crye was discriminated against in the terms and conditions of her employment on the basis of her age and gender in violation of the THRA.

20. Ms. Crye was terminated because of her gender in violation of the THRA.

21. Ms. Crye was terminated because of her age in violation of the THRA.

22. The conduct of the Defendants was such that it caused Ms. Crye severe emotional distress, humiliation and embarrassment which was actually and proximately caused by the extreme and outrageous conduct of the Defendants and its conduct was committed with specific intent to cause emotional distress and/or with a reckless disregard of the probability of causing that distress to Ms. Crye.

23. The wrongful actions of the Defendants were intentional and/or in reckless disregard for the statutory and common law rights of Ms. Crye.

24. As a direct and proximate result of the wrongful actions of the Defendants in discriminating against Ms. Crye on the basis of her age and sex and as a result of their outrageous conduct, Ms. Crye has suffered both financially and emotionally. In particular, Ms. Crye lost and will continue to lose salary, employment opportunities and advancement and various other employee benefits that she would have earned had she been allowed to continue her employment with the Defendants. In addition to the actual losses Ms. Crye has sustained, she has suffered great and severe mental anguish and

distress resulting from the outrageous conduct of the Defendants and from the embarrassment and humiliation which she foreseeably experienced because of the Defendants' illegal actions.

**WHEREFORE**, Ms. Crye, the Plaintiff, respectfully requests of the Court as follows:

A.  That the Court issue and serve process on the Defendants and require them to Answer within the time prescribed by law.

B.  That the Court, upon hearing of this civil action, determine that the Plaintiff should be awarded a judgment for damages for lost wages and the value of all employment benefits, which she has lost from the date of the Defendants' discriminatory actions.

C.  That the Court issue an injunction requiring Defendants, Rohm & Haas Chemical, LLC and Dow Chemical Company, to re-employ Ms. Crye at her former position or an equivalent job with all employment rights and benefits to which she would have been entitled but for her illegal discharge and in the absence of the discrimination and illegal conditions imposed upon her in her job. In the alternative, the Court is requested to provide front pay and benefits in lieu of reinstatement.

D.  That the Court award Ms. Crye additional compensatory damages, including damages for humiliation and embarrassment as are allowed pursuant to the provisions of the THRA.

E.  Ms. Crye should also be awarded pre-judgment interest, reasonable attorney fees and such other and further relief as the Court deems proper pursuant to the applicable common law, the THRA.

F. Ms. Crye further requests that at the appropriate time, the Court empanel a jury of twelve (12) good and true women and men to try all of the issues joined among the parties in this civil action, including in bifurcated proceedings, if legally warranted, to have the jury to determine whether punitive damages shall be imposed against the Defendants and if so in what amount.

G. That the Court also award all other such general and further relief as it deems just and allowed by law and equity.

Respectfully submitted this 25th day of July, 2012.

_____
Patsy B. Crye/Plaintiff

BURROUGHS COLLINS & NEWCOMB, PLC

By: _____
J. Steven Collins/BPR #012030
P. O. Box 551
Knoxville, TN 37901-0551
(865) 342-1040
Attorneys for Plaintiff, Patricia A. Carver

## COST BOND

We the undersigned, Burroughs Collins & Newcomb, PLC, acknowledge ourselves sureties for the costs incident to this civil action and/or for the payment of the Court's costs and litigation taxes which may be awarded in this civil action, all in accordance with Tenn. Code Ann. § 20-12-120.

BURROUGHS COLLINS & NEWCOMB, PLC

By _____
J. Steven Collins, Attorney at Law

FILED 2012 JUL 25 PM
CATHERINE F. SHANKS
CIRCUIT COURT